Freeman, J.,
delivered the opinion of ■ the court.
This was an action of replevin, originally commenced in the Circuit Court, by J. D. Smith against one George ~W. Roby. The plaintiff in error, Isen-hour, was surety on the replevin bond in the sum of $500.
Declaration was filed in' usual form in replevin at the October Term, 1865. Plea of not guilty was filed by defendant, on which issue was taken at December Special Term. After this, by consent of the parties, H. L. Barnes was substituted as defendant instead of George W. Roby. The first question presented is, whether this substitution of Barnes as defendant, instead of Roby, releases the surety on the bond, and makes a judgment against him void.
In the case of Phillips & Wiggins v. Wells, 2 Sneed, 154, Garrison had sued Kinslow upon a note before a justice of the peace, and obtained a judgment, which Kinslow took to the Circuit Court by certiorari. Kinslow gave bond, with two sureties, for the prosecution of the certiorari. In the Circuit Court, on motion of Garrison, the warrant was amended by striking out *549 his name and inserting the name of one Wells. Judgment was rendered in favor of Wells against Kinslow and the sureties on his bond. This court held, that by the amendment of the warrant, putting in a different plaintiff, the sureties were released. The court say: “ The plaintiff had the right to amend by changing name of the parties; but to this new party the sureties had entered into no obligation, and he would have no judgment against them on the bond. It may be,” says the court, “that without the amendment, the party for whom they were bound would have succeeded, and we can not tell but that it was on this ground that they were willing to become sureties for him. In Harris et al. v. Taylor, 3 Sneed, 541, the same principle is held. That was a judgment on a replevin bond given to replevy property attached in the suit. The undertaking of the sureties was in the joint behalf of Howell and Nancy Harris, but the latter was discharged during progress of suit.”
The court held the sureties released.
We can not see how we can hold the surety liable on the bond given for prosecution of suit against George Roby, in favor of said Roby, to a judgment in favor of H. L. Barnes, without overruling the above case. It might well have been that plaintiff would have recovered against Roby; and the fact of the substitution of the defendant Barnes in his stead would indicate that the fact was that way. The surety ought not to be held liable on his bond to one person to a judgment in favor of another. It is beyond the terms of his contract.
*550 This disposes of the question as to the surety Isenhour.
The next question is, whether the suit was properly dismissed under the rule on plaintiff to give new security on his replevin bond ?
At June Term, 1867, an affidavit was made that the replevin bond was not sufficient in amount, and a rule made on plaintiff to give a new replevin bond in the sum of $800 on or before the second day of next term, or his suit will be dismissed. Plaintiff had notice served on him of this rule. At next term of the court, on Monday of the term, this cause was continued on account of absence of counsel for defendant at the Supreme Court. This was the 11th day of the month. On the 15th of the month (Friday) a general order was entered, reciting that in some of the causes that had been continued on account of absence of counsel at the Supreme Court, there were rules for security pending, therefore the court ordered that such rules be continued till next term of the court,, and the parties have until second day of that term to comply with said rules, or said causes will be dismised.
At February, the next term of the court, on Friday of the term, the plaintiff failing to give security as required by the rule, the ease was dismissed and judgment rendered that the defendant recover the horse replevied or the value thereof, and a writ of inquiry was awarded to ascertain his value. To this plaintiff, by attorney, excepted.
At same time a jury was empanelled, who rendered a verdict “ that they assess the defendants damages, by *551 reason of the detention of the brown horse in the declaration, to the sum of eighty-one dollars, interest on the value of said horse from time taken, and a further sum of $337.50 as damages for the detention of said horse, and that the value of the horse was $300 — making the entire damages, including value of the horse, $718.50.”
Thereupon, the court gave judgment that the horse be “forthwith returned to defendant, and that defendant recover of the plaintiff the sum of $81, interest' on the valuation of said horse from time it was re-plevied, and $337.50, damages for detention of the horse.” It was further considered by the court, that in case the plaintiff fails to return the horse without delay, the defendant will recover of him the $300 assessed by jury as value of' the horse — making in all the sum of $718.50.
Then follows a judgment against Isenhour, the surety on replevin bond, in the name of George "W\ Roby, for the use of H. L. Barnes, the sum of $500.
As we hold the judgment against the surety, is improper, we need not further refer to him.
But, was the case properly dismissed ? There being no security after the amendment by insertion of the name of Barnes, the defendant had the right to have the ease dismissed for this cause on motion, if the plaintiff failed to give security, or to have such other orders made in the case for his security as the court might deem proper. He has, however, resorted to a rule requiring security to be given by second day of next term.
*552 It was held in case of Irving v. Mathis, 11 Hum., 606, that “if a rule be made on the plaintiff to justify or give other security for costs at next term of the court, of by a given day of the term, it will continue and be in force for the time so limited, and no longer, the court having power to enforce or discharge the rules at any day of the same term after the day limited for giving security, at its discretion; and the defendant is entitled to a dismissal of the suit, unless the court, in its sound discretion, upon the facts as they may be made to appear, shall extend the rule”: p. 607.
We do not, think the action of the court in dismissing this suit, at next term after time, of original rules had expired, can be made ground of error here, for the reason that the entry at that time shows that the rule was continued by the court till the second day of next term — in fact, making a new rule or enlarging the former. We assume the court did properly in this, as it might well have done so on the facts of the affidavit, and the other fact of record that no surety had been given under the rule. The plaintiff can not complain, as he had, by order of the court, two terms instead of one to give security for the prosecution of the suit.
There is an error in the judgment, however, but one, as we think, that this court can correct. The Code provides the judgment shall be for return of the property to defendant; and in failure, the defendant shall recover its value, with interest and damages. It certainly can not be held, that if the plaintiff return *553 tbe property, that the court shall give interest on this value, so that the horse would be given up in discharge of the judgment for his value, and yet interest be allowed on that value. The defendant, when he gets the horse, has no right to his. value, consequently as he does not collect this, is not entitled to it on return of the horse, he is not entitled to interest on that- to which he never became entitled. In other words, the judgment for value and interest is defeated and discharged by delivering of property.
The judgment will be corrected in this particular, and be affirmed as to plaintiff Smith, and reversed as to Isenhour the surety.